THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| COLLETTE C. RUSSELL, | ) | Case No.    2:16-cv-00273-DS |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | MEMORANDUM DECISION AND ORDER |
| NEBO SCHOOL DISTRICT, ANGIE KILLIAN, and BRUCE MOON, | ) | |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Plaintiff Collette Russell is a former employee of Defendant Nebo School District ("Nebo") who worked as a Resource Technician at Mount Loafer Elementary School in Salem, Utah.  Ms. Russell alleges, in part, that while employed by Nebo she was subjected to sexual harassment, discrimination and retaliation in violation of federal law.

Ms. Russell's Amended Complaint lists five federal law claims for relief against either Nebo and/or Ms. Killian: (1) Title VII Sexual Harassment against Nebo; (2) Title VII Sexual Discrimination against Nebo: (3) Title VII Retaliation against Nebo; (4) § 1983 Equal Protection/Free Speech Violation against Nebo and Killian; and (5) Title IX Violation against Nebo.  The Amended Complaint also lists two state law claims against Mr. Moon, a former custodian at the school: (6) assault and battery; and (7) intentional infliction of emotional distress.

Defendants Nebo and Angie Killian (the "Nebo Defendants) move to dismiss Claims 1-5 of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted.  To avoid dismissal the complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations.  *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 556 (2007).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (citation & internal quotation marks omitted).  "Thus, a 'well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.  DISCUSSION

### A.  First, Second and Third Claims for Relief

The Nebo Defendants' first position is that because Ms. Russell has failed to properly plead constructive discharge, there is no adverse employment action alleged and her Title VII claims must be dismissed.

### 1.  First Claim - Title VII Sexual Harassment against Nebo

Ms. Russell pleads sexual harassment based on Nebo's alleged negligence.[1] See. Am. Compl. at ¶ 48.   To prove sexual harassment based on a theory of employer negligence liability, Ms. Russell "must establish that (1) the employer had actual knowledge or constructive knowledge of the harassment and (2) the employer's remedial and preventative responses to the harassment were inadequate." *Dunlap v.Spec. Pro., Inc*., 939 F. Supp. 2d 1075, 1085 (D. Colo. 2013) (citing  *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 673 (10th Cir. 1998).

The Court agrees with Ms. Russell that because her Title VII co-worker sexual harassment claim does not require an adverse employment action, Defendants' motion to dismiss her first claim  must be denied.

### 2.  Second Claim - Title VII Sexual Discrimination against Nebo

It is undisputed that a Title VII gender discrimination claim must include an adverse employment action.   Ms. Russell asserts that she has sufficiently pled constructive discharge which is an adverse employment action.

---

[1]"Under the negligence theory, an employer is liable only 'if it knew or should have known' about the sexually harassing conduct of a non-supervisory employee and failed to stop it."  *Dunlap v.Spec. Pro., Inc*., 939 F. Supp. 2d 1075, 1085 (D. Colo. 2013) (quoting *Burlington Industries, Inc., v. Ellerth*, 524 U.S. 742, 759 (1998).

A properly plead constructive discharge claim can satisfy the requirement of an adverse employment action. *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 980 (10th Cir. 2008). To plead constructive discharge, Ms. Russell must allege that her employer's "illegal discriminatory acts has made working conditions so difficult that a reasonable person in [her] position would feel compelled to resign. *EEOC v. PVNF, L.L.C.* 487 F.3d 790, 805 (10th Cir. 2007) (citation & internal quotation marks omitted). *See also Lockheed Martin Corp. v. Admin. Review Bd.*, 717 F.3d 1121, 1133 (10th Cir. 2013)( quoting *Strickland v. United Parcel Serv., Inc.*, 555 F. 3d 1224, 1228 (10th Cir. 2009)) ("Constructive discharge occurs when an employer unlawfully creates working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign"). This is an objective standard and "the employer's subjective intent and the employee's subjective views on the situation are irrelevant." *Strickland v. United Parcel Serv., Inc.*, 555 F.3d 1224, 1228 (10th Cir. 2009).

For purposes of the present motion, the Court agrees with Ms. Russell that she has sufficiently alleged an adverse employment action based on constructive discharge. *See, e.g.,* Am. Compl. ¶¶ 20-26, 31-36, and 37-41 (pleading allegations of harassment, complaints of discrimination, as well as Nebo's alleged response and treatment of Plaintiff following her complaints of harassment). Therefore, Defendants' motion to dismiss Ms. Russell's second claim is denied.

### 3. Third Claim - Title VII Retaliation against Nebo

The elements of a prima facie case of Title VII retaliation are: "(1) that [the employee] engaged in protected opposition to discrimination, (2) that a reasonable

employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006). Materially adverse, "in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id*. at n. 2 (citation omitted). To state a plausible claim for relief on her retaliation claim, Ms. Russell must allege facts which, if true, would establish these elements. The allegations must arise above trivial harms. *Burling Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

> The antiretaliation provision seeks to prevent employer interference with "unfettered access" to Title VII's remedial mechanisms. It does so by prohibiting employer actions that are likely "to deter victims of discrimination from complaining to the EEOC," the courts, and their employers. And normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence.

*Id.* (*citations & internal quotation marks omitted)*. "Context matters. 'The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed.'" *Id*. at 69 (citation omitted).

Ms. Russell alleges in the Amended Complaint that she notified Principal Killian and/or her office of Mr. Moon's alleged harassment. Am. Compl. ¶25, ¶37. And that following her complaints she was retaliated against for making those complaints. Id. ¶38. She alleges that "[s]he was subject to threats of termination and retaliation by Principal Killian, belittled by its [Nebo's] investigator, and ultimately harassed to such an extent that she had no alternative than to resign her employment in July, 2014." Id. ¶39. Specifically,

she alleges that she

> was subjected to repeated verbal attacks by her supervisor, Principal Killian[,] following her complaint in December, 2013 against Moon. She was told that she had lied about the harassment and her reporting of the harassment, that she was making up allegations as the investigation proceeded, that she was interfering with the operations of the school and that she was disruptive. She was then threatened with termination by Principal Killian while on leave and told if she did not return to work she would be terminated. She was also told she would be transferred to another school without her consent.

*Id*. ¶40.

For purposes of the present motion, the Court concludes that Ms. Russell's allegations are sufficient to state a claim for retaliation. Therefore, the Nebo Defendants' Motion to Dismiss her third claim for relief is denied.

### B.  Fourth Claim for Relief - 42 U.S.C. § 1983 Equal Protection/Free Speech

In support of their Motion on this issue, the Nebo Defendants again assert that Ms. Russell has failed to sufficiently alleged an adverse employment action as required.

An adverse action for purposes of a First Amendment retaliation claim focuses on "whether the [employer's] specific actions would deter a reasonable person from exercising his ... First Amendment rights."  *Couch v. Board of Trustees of Memorial Hospital of Carbon County,* 587 F.3d 1223, 1238 (10th Cir. 2009) (citation and internal quotation marks omitted).  The Amended Complaint sets forth allegations related to this claim.  *See* Am. Compl. ¶¶ 39-41, 69-75.  Because  "Defendants' motion contains absolutely no analysis of this standard as applied to Plaintiff's pleading," Opp'n at 14,  the Court agrees with Ms. Russell that it "is deficient on its face." *Id*..  Therefore, the Nebo Defendants' Motion to dismiss Plaintiff's Fourth Claim for Relief is denied.

### C.  Fifth Claim for Relief - Violation of Title IX (Preemption)

Asserting that "Title VII is the exclusive remedy for employment discrimination based on sex", Mot. & Mem. at 10, the Nebo Defendants contend that Ms. Russell's Title IX claim is preempted by Title VII.  In so moving, Defendants concede that there is no controlling Tenth Circuit authority and that other federal courts are split on the issue.  They rely on *Lakoski v. James*, 66 F.3d 751 (5th Cir. 1995) to support their position.

After examining the issue for purposes of this Motion, the Court concludes that Title VII does not preempt Title IX and the Nebo Defendants' motion on this issue is denied. In support of its conclusion the Court agrees with, and relies on, the analysis and authority set forth in *Winter v. The Pennsylvania State University*, No. 2:15-cv-01166, 2016 WL 1110215,   at *10-11 (M.D. Penn., March 22, 2016).

### D.  Title IX Claim Derivatively Through Section 1983

The Nebo Defendants'  position that "Plaintiff's Fourth Cause of Action appears to assert Title IX  derivatively through her Section 1983 claim", Mot. & Mem. at 13, is moot and denied as such based on Ms. Russell's statement that she has not asserted a Title IX Claim derivatively through section 1983.

### E.  Title IX Against Ms. Killian

Likewise, the Nebo Defendants' position that "Plaintiff's Fourth Cause of Action appears to assert Title IX against Killian", Mot. & Mem. at 13, is moot and denied as such based on Ms. Russell's statement that she has not sued Ms. Killian under Title IX.

### F. Ms. Killian in her Official Capacity

Similarly, the Nebo Defendants' position that Ms. Killian cannot be sued in her official capacity in the Fourth Claim for Relief is moot and denied as such based on Ms. Russell's statement that she has not asserted a claim against Ms. Killian in her official capacity

### G. Punitive Damages

After first noting that Ms. Russell seeks punitive damages from the District in her First, Second, Third and Fourth Claims, *see* Am. Compl. ¶¶ 53, 59, 66, 77*, &* Mot. & Mem at 15-17,   the Nebo Defendants assert that Nebo is  immune from punitive damages for section 1983 liability, under Plaintiff's Fourth Claim for Relief, pursuant to  *Youren v. Tintic School District*, 343 F.3d 1296. 1307 (10th Cir. 2003) (42 U.S.C. § 1983 bars punitive damage awards against municipality agencies such as Tintic School District). Citing other authority those Defendants also urge that punitive damages are not available against Ms. Killian in her official capacity.

Ms. Russell concedes that punitive damages are not available against Nebo or Ms. Killian in her official capacity as it relates to her Fourth Claim.  She urges, however, that because the Nebo Defendants have not addressed her right to punitive damages under any of her other claims those issues have not been properly raised.

The Nebo Defendants reply that "[c]ontrary to plaintiff's Opposing Memo, the Nebo Defendants seek to dismiss plaintiff's punitive damage claim regarding each cause of action."  Reply at 10.

Although, the Nebo Defendants state that "Plaintiff seeks punitive damages from the District", Mot. & Mem. at 15,  and cite to the corresponding paragraphs of the Amended

Complaint where punitive damages are requested for Claims 1-4, their argument addresses only the unavailability of punitive damages for section 1983 as requested in Claim 4.   They set forth no discussion or authority supporting the position that punitive damages are also barred in claims 1-3.   Accordingly, the availability of punitive damages for Ms. Russell's other claims has not been properly raised or supported.

## IV.  CONCLUSION

For the reasons stated, the Motion to Dismiss of Nebo School District and Angie Killian (Doc. #11)  is granted to the extent  that it seeks the Court's ruling that punitive damages are not available against Nebo, or Ms. Killian in her official capacity, under Plaintiff's Fourth Claim for Relief.  The Motion is denied in all other respects..

IT IS SO ORDERED.

Dated this 15th day of August, 2016

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT