THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| COLLETTE C. RUSSELL, | ) | Case No.   2:16-cv-00273-DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| NEBO SCHOOL DISTRICT, BRUCE MOON, ANGIE KILLIAN, | ) ) | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Defendant Bruce Moon has filed a Motion for Protective Order (Doc. #28) seeking to prevent Plaintiff Collette Russell from serving his former and current employers and his cell phone provider with subpoenas.  Mr. Moon asserts that the proposed subpoenas are irrelevant and/or overly broad.

Ms. Russell has filed claims against Mr. Moon for assault and battery and intentional infliction of emotional distress based on an incident or incidents that allegedly occurred in late 2013, and which Mr. Moon contends were part of a consensual affair he had with Ms. Russell.  Mr. Moon has counterclaimed against Ms. Russell alleging that she "interfered with his employment with Nebo School District by making untrue statements to Nebo School District  and the Salem Police Department which caused his termination."  Mem. Opp'n at 8.

In the proposed subpoenas[1] Ms. Russell requests Moon's former and current employers produce the following documents.

    1.  All correspondence, documents and communications (including emails, faxes, social media posts, text messages and letter) relating to or concerning or any complaints, grievances, reports, disciplinary actions or records, citations, personnel evaluations, or termination notices identifying or concerning Bruce Moon;

    2.  All job applications, interview notes, investigation files, internal discussions, emails, texts [sic] messages, instant messages, social media messages, voice recordings, and video recordings concerning or relating to Bruce Moon:

    3.  All correspondence, documents and communications in Bruce Moon's personnel file maintained by you during the period of his employment with you'

    4. All correspondence, documents and communications in relating to or concerning any communications between you and any third-part concerning or relating to Bruce Moon.

*See* Doc. Entries 22, 24, 25, & 26.   From Mr. Moon's cell phone provider Ms. Russell requests "text messages, phone messages, data records, billing statements, invoices, purchases, transactions and related documents" for Mr. Moon's phone from August, 2013 to the present, and correspondence between Mr. Moon and his provider during the same time period.  *See*. Doc. Entry 23.  *Id*. at 7.

## II.  STANDARDS FOR DISCOVERY

Federal Rule of Civil Procedure 26(c) governs protective orders and provides in part as follows.  "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ....  The court may for good cause,

---

[1] *See* DUCivR 45-1, providing for prior notice of subpoena for nonparty.  *See also* Fed. R. Civ. P.  45(a)(4).

issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c).[2]

The general scope and limits of discovery is set forth in Rule 26(b)(1).[3]

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering, the importance of the issus at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Although the scope of discovery is broad, parties are not allowed to engage in exploratory discovery of a fishing expedition in an attempt to obtain evidence to support their claims or defenses. *Richards v. Convergys Corp.* No. 05-CV-790-DSK, 2007 WL 474012 at *2 (D. Utah Feb. 7, 2007)(citing *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)).

### III. DISCUSSION

In the absence of any objection by Ms. Russell and good cause appearing, the Court concludes that Mr. Moon has standing to challenge the proposed subpoenas. *See* Mot. at 2-3.

---

[2] Rule 26(c) also provides that a motion for a protective order include a certification that the movant has met and conferred in good faith with the affected party to attempt resolution of the dispute. Mr. Moon's motion contains no such certification. He states, however, that the parties subsequently met and conferred without resolution. Reply at 2. The Court considers the issue moot.

[3] The scope of discovery of a subpoena is the same as the scope of discovery under Rule 26(b). *Tanscor, Inc. v .Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003).

Mr. Moon's motion as to his former employers is granted. The Court agrees with his assertion that information from his steel industry employers "in the 1980s, 90s, and early 2000s ... cannot realistically have any bearing on the issues in this suit." Mot. at 6  The various scenarios that Ms. Russell hypothesizes may result in relevant information being produced is not enough to overcome the conclusion that her requests facially seek irrelevant information and amount to nothing more than a fishing expedition.

As for Mr. Moon's current employer, the Court agrees that Ms. Russell's request could taint Mr. Moon's relationship with his employer. A subpoena to a current employer may damage the employment relationship, and even if the employer is aware of the lawsuit, a subpoena tends to focus attention of the employer on the lawsuit, and may foster resentment due to the burden on the employer of compliance with the subpoena. *See Richards v. Convergys Corp*. No. 05-CV-790-DSK, 2007 WL 474012 at *3 (D. Utah Feb. 7, 2007). While Mr. Moon's income very well may be relevant to damages claimed by Mr. Moon in his counterclaim, that information can be produced in a less intrusive means. The same is true of any statements he provided to his current employer regarding the reasons for his termination from Nebo School District, which Ms. Russell asserts may go to his credibility..

Finally, Mr. Moon asserts that the proposed subpoena to his cell phone provider is overly broad. He urges that the time frame at issue is between September and December 2013, and, therefore, records beyond that date are not likely to lead to admissible evidence. Indeed, Mr. Moon concedes that his telephone records  between September and December, 2013 are relevant and discoverable, but objects to discovery of communications with people other than Ms. Russell, or his "data records, billing statements, invoices,

purchases, transactions and related documents" Ms. Russell contends that any text messages or emails between Moon and Nebo School District, the Salem Police Department or Moon's coworkers and/or Ms. Russell's spouse go to the heart of the claims.

Requiring production of cell phone records from September 2013 to the present, based on the pleadings before the court, is overly broad. The Court concludes that an outside time period short of the present, but beyond December 2013, would be a more appropriate time frame. Perhaps that date would be July 2014, when Ms. Russell resigned her employment with Nebo School District, or the date when Mr. Moon was terminated from Nebo School District, which date does not appear in the pleadings. Counsel are instructed to confer and attempt to agree upon an appropriate outside time frame. As to the request for Mr. Moon's cell phone "data records, billing statements, invoices, purchases, transactions and related documents", the Court does not see how that request seeks discovery of relevant information and the Court will not permit it.

## IV. CONCLUSION

For the reasons stated Mr. Moon's Motion for Protective Order (Doc. #28) is granted in part, and denied in part. Mr. Moon is entitled to a protective order preventing Ms. Russell from serving his former and current employers with subpoenas for his employment records. Ms. Russell may discover Mr. Moon's cell phone records, except for "data records, billing statements, invoices, purchases, transactions and related documents", between September 2013 and a date beyond December 2013, but short of the present time. Counsel will confer and try and agree upon an appropriate and reasonable outside date.

After conferring with each other, Counsel for Mr. Moon is requested to prepare a proposed order for the Court's review consistent with the local rules.

IT IS SO ORDERED.

Dated this 21st day of December, 2016

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT