THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| COLLETTE C. RUSSELL, | ) | Case No. 2:16-CV-00273-DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| NEBO SCHOOL DISTRICT, BRUCE MOON, ANGIE KILLIAN, | ) ) | |
| Defendants. | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Plaintiff Collette Russell is a former employee of Defendant Nebo School District ("Nebo") who worked as a Resource Technician at Mount Loafer Elementary School in Salem, Utah. She alleges that Defendant Moon, who worked as a custodian at the same school, subjected her to various acts of sexual harassment. Ms. Russell generally alleges that while employed by Nebo she was subjected to sexual harassment and discrimination, and ultimately retaliated against because of her complaints of harassment and discrimination in violation of federal law. Ms. Russell's Amended Complaint lists state law claims against Moon for assault and battery and for intentional infliction of emotional distress.

Mr. Moon has filed a Motion to Dismiss the claims against him. Pursuant to Rule 12(d) that Motion was converted by the Court to one for Summary Judgement under Rule

56 of the Federal Rules of Civil Procedure.[1]  Mr. Moon contends that under the Governmental Immunity Act of Utah, Utah Code Ann. § 63G-7-101, et seq., he is not liable for damages to Russell for claims based on alleged conduct that occurred in the workplace during their employment with Nebo School District.  He further contends that he is not liable to Russell for any claims regarding his conduct outside the workplace because the conduct was consensual.

## II.  SUMMARY JUDGEMENT STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. When applying this standard, the court views the evidence and draws inferences in the light most favorable to the non-moving party.  *Nahno-Lopez v. Houser*, 625 F.3d 1279. 1283 (10th Cir. 2010).  The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[2]  *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

---

[1] The parties were given until August 15, 2018, to present any additional material pertinent to the motion for summary judgment.  Ms. Russell timely filed a response.  Mr. Moon did not.

[2] Whether a fact is material is determined by looking to relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. 242.

## III. DISCUSSION

### A. Governmental Immunity Act

Mr. Moon first asserts that under the Governmental Immunity Act of Utah ("Act"), Utah Code Ann. § 63G-7-101, et seq., he is not liable for damages to Russell for claims based on alleged conduct that occurred in the workplace during their employment with Nebo School District. The Act can serve to bar "claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority." *Id*. at 63G-7-101(2)(b). Moon's position is that he is not liable to Russell for damages because his alleged conduct was within the scope of his employment.[3] He reasons as follows.

> The alleged harassment occurred while Moon was performing work assigned by his employer. Plaintiff described the alleged harassment as starting with "innocent compliments and touching" while Plaintiff and Moon were at work. Russell Dep. (dkt. no. 91-2) at 68:20. During this time, Moon's conduct was subject to the control of the District. In order to control employee conduct, the District had a sexual harassment policy that prohibited conduct such as the alleged harassment. Regardless of whether the District enforced such a policy, simply having such a policy evidences the District's control over Moon at the time the alleged harassment occurred. Because the conduct occurred while Moon was at work, performing work assigned by the District, and his conduct was under the control of the District,

---

[3] Moon "does not argue that it [his alleged conduct] arose out of the performance of his duties or under color of authority." ECF No.146, p. 7.

Moon was acting with the scope of his employment under the standard set forth in *Wisan* [*M.J. v. Wisan*, 371 P. 3d 21 (Utah 2016)].

ECF No.146, p. 6.

Moon's reasoning and misplaced reliance on *Wisan* is rejected. The Utah Supreme Court not long ago addressed scope of employment for purposes of the Act.

> **The scope of employment standard is statutory.** It comes from Utah Code section 63G-7-202(3)(a), which **protects employees from personal liability for actions "caused by an act or omission that occurs ... within the scope of employment."** This incorporates a principle from the law of agency. And the analysis is accordingly informed by our case law defining the agency principle of "scope of employment"–in particular the standard set forth in *Birkner v. Salt Lake County*, 771 P. 2d 1053, 1057-58 (Utah 1989), as modified in *M.J. v. Wisan*, 2016 UT 13, ¶ 55, 371 P. 3d 21.
>
> The district court's approach was in line with the standard set forth in *Birkner*. **An employee's action is within the scope of employment** under *Birkner* **if it is (1) "of the general kind the employee is employed to perform" and (2) "motivated, at least in part, by the purpose of serving the employer's interest."** *Birkner*, 771 P. 2d at 1057. Thus, **an employee acts within the scope of employment when h[is] acts are "generally directed toward the accomplishment of objectives within the scope of the employee's duties** and authority, or reasonably incidental thereto." *Id*. The **question is whether the worker is performing "duties assigned by the employer, as opposed to being wholly involved in a personal endeavor."** *Id.*

*Salo v. Tyler*, 417 P.3d 581, 589 (Utah 2018) (footnotes omitted) (emphasis added).[4]

Moon offers no facts reflecting that his conduct at issue was within the scope of his

---

[4] *See Salo*, 417 P. 3d at n. 4 ("*Birkner* also sets out a third element–that 'the employee's conduct must occur within the hours of the employee's work and the spatial boundaries of the employment.' *Birkner,* 771 P. 2d at 1058. But we have repudiated that element on the ground that 'spatial and time boundaries are no[t] ... essential hallmarks of an agency relationship.' *M. J.*, 2016 UT 13, ¶ 55, 371 P. 3d 21.").

employment as defined in *Salo* and, therefore, he has not met his burden as the moving party.[5]

Moon's additional argument that Russell's claims fail because she did not file a notice of claim before commencing her suit against him, likewise, is rejected because he has not established that his complained of conduct was within the scope of employment for purposes of the Act.[6]

### B. Consent

Moon also asserts that he is not liable to Russell for damages for claims based on his alleged conduct outside the workplace because the conduct was consensual. Because there are disputed issues of material fact regarding Russell's consent, Moon's motion regarding this issue also must be denied. *See* ECF No. 132, pp. 3-4, and ECF No. 156, pp. 3-5 (presenting facts disputing those relevant facts cited by Defendant Moon).

### IV. CONCLUSION

For the reasons stated, as well as generally for the reasons set forth by Plaintiff in

---

[5] "As a general rule, the issue of whether an employee acted within the scope of employment is a factual question to be decided by the trier of fact." *Birkner v. Salt Lake County*, 771 P. 2d 1053, 1057 (Utah 1989).

[6] Similarly, Moon's reliance on *Larsen v. Davis County School District*, 409 P. 3d 409 (2017), *cert. denied*, 421 P. 3d 441 (2018) is inapplicable.

her responsive pleading, Moon's converted Motion for Summary Judgment (ECF No. 100) is denied.

IT IS SO ORDERED.

Dated this 24th day of September, 2018

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT