THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| COLLETTE RUSSELL, | ) | |
| | ) | MEMORANDUM DECISION |
| Plaintiff, | ) | AND ORDER |
| vs. | ) | |
| NEBO SCHOOL D DISTRICT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | Case No. 2:16-CV-00273- DS |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Defendants Nebo School District and Angie Killian move for sanctions under the Court's inherent powers due to alleged spoilation of evidence.  (ECF No. 91).   Plaintiff Collette Russell is a former employee of Nebo who worked as a Resource Technician at Mount Loafer Elementary School in Salem, Utah.  She alleges that Defendant Bruce Moon, who worked as a custodian at the same school, subjected her to various acts of sexual harassment.   Ms. Russell generally alleges that while employed by Nebo School District she was subjected to sexual harassment and discrimination, and ultimately retaliated against because of her complaints of harassment and discrimination in violation of federal law.[1]

---

[1] Ms. Russell's Amended Complaint (ECF No. 5) lists five federal law claims for relief against either Nebo and/or Ms. Killian: (1) Title VII Sexual Harassment against Nebo; (2) Title VII Sexual Discrimination against Nebo: (3) Title VII Retaliation against Nebo; (4) § 1983  Equal Protection/Free Speech Violation against Nebo and Killian; and (5) Title IX Violation against Nebo.  The Amended Complaint also lists two state law claims against Mr. Moon: (6) assault and battery; and (7) intentional infliction of emotional distress.

Ms. Russell contends that Moon's advances were unwelcome, and Defendants contend that Russell welcomed and consented to Moon's advances. Asserting that Russell destroyed key evidence of her consent in the form of text messages, Defendants move the Court to sanction Russell by dismissing her claims. Alternatively, they seek a spoilation instruction that the deleted text messages reflected Russell's consent to Moon's advances.

## II. DISCUSSION

### A. Sanctions - Court's Inherent Powers

Federal courts have inherent powers to manage their own affairs and to impose appropriate sanctions, including sanctions for spoilation of evidence. *Jordan F. Miller Corp. v. Mid-Continent Aircraft Service, Inc*., 1998 WL 68879, No.97-5089 (10th Cir. Feb. 20, 1998) (unpublished). Defendants contend that "[h]aving reported sexual harassment, plaintiff owed the Nebo Defendants a duty to preserve and produce relevant evidence supporting her claim." ECF No. 91, p. 8.

"A spoilation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington Northern and Santa Fe Ry. Co. v. Grant*, 505 F. 3d 1013, 1032 (10th Cir. 2007); *see also Equal Employment*

*Opportunity Commission v. Jetstream Ground Services, Inc.*, 878 F. 3d 960, 964 (10th Cir. 2017) (same). [2]

The Court agrees with Russell that Defendants offer no evidence that litigation was imminent at the time Russell deleted the text messages at issue, sometime prior to December 27, 2013. Simply reporting sexual harassment in the workplace, without more, does not reflect that litigation is imminent as Defendants suggest. In contrast, Russell offers the following factual allegations which reflect that litigation was not imminent.

> Here, it is undisputed that Russell had not retained an attorney, submitted a demand letter, or filed a charge of discrimination by December 27, 2013, the last possible date she could have retained any text messages. She was still employed by NSD [Nebo], had not yet been subjected to retaliation or been constructively terminated by NSD [Nebo], and had made no affirmative effort to assert claims against NDS [Nebo] or Killian at any point in 2013. As noted above, by December 28, 2013 she didn't even know if she wanted to make a sexual harassment complaint against Moon or NSD [Nebo]. See Ex. 3, Email to Killian. Her charge of discrimination with the UALD/EEOC was not filed until March 3, 2014, months later. See Ex. 4. Accordingly, at the earliest, her duty to preserve would have commenced upon the filing of her charge against NSD [Nebo]. *See Fox* [v. *Steepwater LLC*, No. 2:16-cv-796 BCW, 2018 WL 2208308 (D. Utah May 14, 2018)], *3-4, n. 28 (finding duty to preserve was triggered upon filing of charge with assistance of attorney and citing numerous cases supporting the same).

ECF No. 101, p. 9.

---

[2]"But if the aggrieved party seeks an adverse inference to remedy the spoliation, it must also prove bad faith. 'Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case.' *Aramburu*, 112 F.3d at 1407." *Turner v. Public Service Co. of Colorado*, 563 F. 3d 1136, 1149 (10th Cir. 2009).

Based on the record before it, the Court cannot conclude that Russell had a duty to preserve the deleted text messages at the time of deletion. In the absence of any duty to preserve, Defendants' Motion for Sanctions must be denied.[3]

### B. Sanctions - Rule 37(e)

Rule 37(e) of the Federal Rules of Civil Procedure also provides a framework for analyzing spoilation of electronically stored information.[4] Defendants insists that their Motion invokes the Court's inherent power to impose sanctions, and not Rule 37(e) of the Federal Rules of Civil Procedure, which Russell asserts is the proper framework for the court's analysis.

Application of one framework over the other does not alter the Court's conclusion that Russell had no duty to preserve the text messages at the time they were deleted. Existing common law controls when a duty to preserve attaches. *See Marten Transport,*

---

[3]Having found no duty to preserve the subject evidence, the Court need not, and does not, address whether Nebo was prejudiced by its destruction.

[4]Rule 37(e) states:
   If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
   (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
   (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may
      (A) presume that the lost information was unfavorable to the party;
      (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
      (C) dismiss the action or enter a default judgment.

*Ltd. V. Plattform Advertising, Inc.*, No. 14-cv-02464-JWL-TJJ, 2016 WL 492743 *8 4-5 (D.

Kan. Feb. 8, 2016) (footnotes omitted) (emphasis added).

> Although the 2015 amendments significantly changed Rule 37(e), the amended **Rule 37(e) does not alter existing federal law concerning when the duty to preserve attaches**. The advisory committee's notes are illustrative of this point, stating "**Rule 37(e) is based on th[e] common-law duty; it does not attempt to create a new duty to preserve. The rule does not apply when information is lost before a duty to preserve attaches."** Thus case law in existence prior to the newly amended Rule 37(e), regarding when the duty to preserve attaches, still controls.
> A **litigant has a duty to preserve evidence that it knows or should know is relevant to imminent or ongoing litigation.**," and this duty to preserve evidence extends to electronically stored information.

As noted, "a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington Northern and Santa Fe Ry. Co.* , 505 F. 3d at 1032. Because Defendants have failed to show that Russell knew, or should have known, that litigation was imminent, the Court cannot find that Russell had a duty to preserve, and Defendants' motion for sanctions due to spoilation, likewise, must be denied under Rule 37(e)

### III. CONCLUSION

For the reasons stated, as well as generally for the reasons set forth in Russell's

opposition, the Motion for Sanctions of Defendants Nebo School District and Angie Killian

(ECF No. 91) is denied.

IT IS SO ORDERED.

Dated this 26th day of September, 2018

BY THE COURT:

_____

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT