IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COLLETTE C. RUSSELL,<br><br>        Plaintiff,<br><br>vs.<br><br>NEBO SCHOOL DISTRICT, a political subdivision of the State of Utah, ANGIE KILLIAN, an individual, BRUCE MOON, an individual, and DOES I-X, individuals,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:16-cv-00273-DS<br><br>Judge David Sam |

  Defendant Bruce Moon ("Moon") has filed a Motion for Bifurcation, pursuant to Fed. R. Civ. P. 42(b). ECF No. 176. He requests that the court bifurcate the claims brought against him from those against Defendants Nebo School District (the "District") and Angie Killian ("Killian") (collectively the "Nebo Defendants"), and that his trial be bifurcated into liability and damages phases. The Nebo Defendants have also filed a request for bifurcation of their claims from Moon and to bifurcate the liability and damages phases of trial. ECF No. 179. The parties requested expedited treatment.

  Plaintiff Collette Russell has brought five causes of action against the District in its role as employer. Two of these claims are also against Killian in her capacity as principal of Mr. Loafer Elementary School. These claims include sexual discrimination and harassment in violation of Title VII, retaliation in violation of Title VII and Title IX, and violation of Plaintiff's free speech/equal protection rights. Each of these claims is based on how the District and/or Killian supervised its employees and operated the school during the relevant period. Plaintiff has

also brought three claims against Moon in his individual capacity. They are assault and battery, and intentional infliction of emotional distress, arising from certain discrete sexual incidents.

## ANALYSIS

The Federal Rules of Civil Procedure provide for the bifurcation of trials: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one of more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "District courts have broad discretion in deciding whether to sever issues for trial. . ." *U.S. ex Rel. Bahrani v. Conagra, Inc.,* 624 F.3d 1275, 1283 (10th Cir. 2010) (quoting *Anaeme v. Diagnostek, Inc.,* 164 F.3d 1275, 1284 (10th Cir. 1999) (internal quotations removed). In deciding whether to bifurcate, "courts balance the potential prejudice to parties, convenience, and judicial economy . . ." with the goal of reaching a just final disposition of litigation." *Id.*

Mr. Moon has made a compelling argument that his claims should be bifurcated. As a preliminary matter, the issues in question must be clearly separable for a court to grant bifurcation. In this case, the elements of the claims against Mr. Moon are not similar to the elements of the claims against the other defendants. Although some of the evidence may overlap, by and large Plaintiff will need to present different evidence to prove her claims against Mr. Moon than she needs to present to prove her claims against the Nebo defendants. Also, there is no overlap of claims or issues between Mr. Moon and the Nebo defendants. Therefore, the issues are clearly separable.

Mr. Moon will be unduly prejudiced unless the claims against him are bifurcated into a separate trial. Courts must consider whether "a single proceeding will unduly prejudice either party or confuse the jury. *York v. American Telephone Telegraph Co.,* 95 F.3d 948, 957 (10th Cir.

1996).  A party will be unfairly prejudiced if a limiting instruction would be insufficient to "unring the bell in the minds of jurors regarding the prejudicial evidence." *Trujillo v. Am. Family Mut. Ins. Co.,* No. 1:08cv36 TS, 2009 WL 440638, at *3 (D. Utah Feb. 20, 2009) (unpublished). In this case, there is significant evidence that would be appropriate for the jury to hear regarding Plaintiff's claims against the Nebo School District and Principal Angie Killian, but that would be inadmissible against Mr. Moon. Under the Federal Rules of Evidence, evidence of a party's character or other acts is not admissible to show that "on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  Plaintiff disclosed that she plans to offer written statements and testimony from multiple witnesses to show that Mr. Moon behaved inappropriately towards other women in the school district.  This evidence is not admissible against Mr. Moon to show that on a particular occasion he sexually assaulted Plaintiff or acted to intentionally inflict emotional distress on Plaintiff.

Federal Rule of Evidence 415 allows the admission of evidence that a "party committed any other sexual assault . . ." only if (1) the defendant is accused of sexual assault, (2) the evidence proffered is of another sexual assault, and (3) the evidence is relevant. Plaintiff has not proffered any evidence of prior sexual assault by Mr. Moon.  None of the statements about Mr. Moon from other women working in the district allege that he sexually assaulted them.  Also, evidence is only relevant if it shows that "the defendant has a particular propensity, and the propensity it demonstrates has a bearing on the [claim] *Seeley v. Chase,* 443 F.3d 1290, 1294 (10th Cir. 2006).  Plaintiff has not proffered any evidence of a prior sexual assault by Mr. Moon. None of the women allege that Mr. Moon sexually assaulted them and therefore, the evidence does not show that Mr. Moon had a particular propensity for sexual assault.  In fact, as Mr. Moon

points out, it shows the exact opposite—"despite being touchy feeling," he never touched another woman's breast or buttocks without their consent.

Evidence that Mr. Moon made other women "uncomfortable," while being relevant and likely admissible regarding the claims against the District, would be the type of evidence that would inflame a jury and prejudice them against Mr. Moon. Once this evidence is heard, it would be impossible for the jurors to compartmentalize it to just the claims against the District without considering it in relation to the claims against Mr. Moon. Furthermore, the majority of evidence Plaintiff and the District seek to admit is not relevant to her claims against Mr. Moon. If the trial is not bifurcated, Mr. Moon will be forced to attend a lengthy portion of the trial that has nothing to do with him. Bifurcation will not significantly affect judicial economy, as both trials can reasonably be conducted in the three-week time span already set aside for the trial. For the above reasons, the court hereby grants Defendant Moon's motion to bifurcate the claims brought against Mr. Moon from those against Nebo School District and Angie Killian.

Mr. Moon and the District Defendants have both also requested that the court bifurcate their trials into liability and damages phases. Plaintiff has disclosed that she plans to present evidence of the therapy she has undergone as a result of Mr. Moon's alleged assault. Mr. Moon argues that this evidence, while admissible to prove the emotional distress Mr. Moon allegedly inflicted on Plaintiff, is inadmissible hearsay to prove whether Mr. Moon committed the alleged acts. The defendants also argue that this evidence is prejudicial and would taint the minds of the jurors as to liability. Plaintiff notes, however, that she has asserted in intentional infliction of emotional distress claim against Moon under Utah law. To prove her claim, she must show that she suffered extreme or severe emotional distress to establish liability. See MUJI 2d CV1501-1503.

Severe or extreme emotional distress includes "such things as mental suffering, mental anguish, mental or nervous shock, or highly unpleasant reactions, such as fright, horror, grief, or shame," and can be shown by, among other things, the nature of the distress and "observable behavioral or physical symptoms, and the nature of [defendant]'s conduct." MUJI 2d CV1503. Hence testimony from Russell's therapist, from her or her family members is directly relevant to establishing liability and will necessarily be part of the evidence that she must introduce during the liability phase of her trials to show she suffered severe emotional distress. See *Miller v. Fairchild Industries, inc.,* 885 F.2d 498, 511-12 (9th Cir. 1989) (affirming denial of motion to bifurcate and stating that in "an intentional infliction of emotional distress claim, the issue of liability is intertwined with the issue of damages since the trier of fact can find liability only if it first finds that the plaintiff suffered severe emotional distress." Thus "[a]n attempt to separate the trial of liability and damages issues" would tend to create "confusion and uncertainty") (internal citations omitted)).

# CONCLUSION

Based on the foregoing, the court hereby GRANTS Mr. Moon's motion to Bifurcate the claims brought against Mr. Moon from those against Nebo School District and Angie Killian.[1] The court DENIES both Mr. Moon's and the Nebo Defendants' motions for bifurcation of their trials into liability and damages phases.

SO ORDERED this 1st day of May, 2019.

BY THE COURT:

_____

The Honorable Judge David Sam
U.S. District Court Judge

---

[1] Granting Mr. Moon's Motion to Bifurcate makes the Nebo Defendant's request for bifurcation of defendants moot.